UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CHARLES BISHOP                                                                                          PLAINTIFF

v.                                                                            CIVIL ACTION NO. 1:10CV-P115-R

K. JOHNSON                                                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Charles Bishop, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee, sues in his individual and official capacity Warren County Sheriff Officer K. Johnson. He alleges that on February 8, 2010, Defendant was sent to his house to arrest him. Plaintiff states that he complied with Defendant's order to lay on the ground but that, while he was on the ground, Defendant came down with his knee "full force" on Plaintiff's lower back causing pain and damage. He also alleges that Defendant put handcuffs on Plaintiff too tightly for two hours despite Plaintiff's request to loosen them. He states that he now has sharp pains on the right side of his hand. He further alleges that after Defendant had placed Plaintiff's personal property in a bag, Plaintiff noticed that some of his property was missing and that Defendant was the last person to have seen it. Plaintiff states that Defendant is supposed to uphold the law not steal what he wants. As relief, Plaintiff wants monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official-capacity claims*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendant, an employee of Warren County in his official capacity are actually brought against the Warren County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint does not identify a policy or policies causing the alleged

3

constitutional violations. In fact, Plaintiff alleges that in addition to violating the Constitution, Defendant violated the county's rules and regulations. The official-capacity claims against Defendant will be dismissed by separate Order.

*Claim regarding property*

The Sixth Circuit has stated that "Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution's prohibition against property deprivations without procedural due process." *Vicory v. Walton*, 721 F.2d 1062, 1065 (6th Cir. 1983). Therefore, the Sixth Circuit held that the plaintiff "must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. In other words, the plaintiff must allege and prove that there was a constitutional violation under color of law and that the state did not have a remedy; or that the state had a remedy but it was deemed inadequate; or that the state had an adequate remedy in form, both procedurally and in damages, but the state did not apply it or misapplied its remedy. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citation omitted).

In *Wagner v. Higgins*, 754 F.2d 186 (6th Cir. 1985), the Sixth Circuit considered a very similar case to the instant one. Wagner brought a § 1983 suit against employees of the Louisville Police Department, who he claimed directly or negligently unlawfully took certain property from his car during an inventory search following his arrest. *Wagner*, 754 F.2d at 187. The Sixth Circuit determined that Wagner had available to him two possible remedies in Kentucky state court: (1) bringing a common law action for conversion, or (2) applying to the state court judge before whom the criminal charges were filed, which the Sixth Circuit held was

4

"a common and well-recognized means for obtaining relief where a defendant seeks the return of property seized from him during a criminal prosecution." *Id.* at 192.

Plaintiff has not alleged that he has applied to the state-court judge in his criminal case for relief or that a state-court suit for conversion would be an inadequate remedy. Therefore, the Court finds that Plaintiff has failed to state a claim. This claim will be dismissed by separate Order.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the official-capacity claims and Plaintiff's claim related to his property. The Court will allow Plaintiff's individual-capacity claim against Defendant regarding excessive force to proceed. In doing so, the Court passes no judgment on the ultimate merit of that claim.

Date:


cc: Plaintiff, *pro se*
 Defendant
 Warren County Attorney
4413.009

5