UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CV-00115-R

CHARLES BISHOP                                                                               PLAINTIFF

v.

K. JOHNSON                                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendant's Motion for Summary Judgment (DN 26). Plaintiff has not responded and the opportunity to file a timely response has passed. This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Plaintiff Charles Bishop, *pro se*, brings this action under 42 U.S.C. § 1983 against Deputy Kemble Johnson, a law enforcement officer with the Warren County Sheriff's Department.[1] In his Complaint, Bishop states that during his arrest on January 18, 2010, Johnson used excessive force in violation of his constitutional rights. Specifically, Bishop avers that Johnson ordered him to the ground and placed his knee in Bishop's back while administering handcuffs. DN 1 at 4-5 He also claims that Johnson "put on the handcuffs too tight." *Id*. Johnson denies these allegation in their entirety. In support of his assertions, he has attached his own affidavit, as well sworn statements from Officer Maxie Jones, present at the time of the

---

[1] Bishop filed this suit originally against Johnson individually as well as in his official capacity. DN 1 at 2. The Court has previously dismissed the official capacity claim and any claim arising out of Johnson's alleged theft of Bishop's property during the arrest. DN 5 at 5; DN 6.

arrest, and Melanie Sears, a witness to the arrest.  All maintain that Johnson used only the requisite force necessary to subdue Bishop and that at no time during the arrest did Bishop complain of the injuries he allegedly sustained.  As compensation for the alleged constitutional deprivation, Bishop seeks damages of $600,000, current and future medial expenses, and injunctive relief terminating Johnson from his current employment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys.*

2

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

As stated above, the time has passed for Bishop to respond to Johnson's Motion for Summary Judgment. Since the law requires that he present more than a mere scintilla of evidence in support of his position and he has failed to do so, this Court must grant Johnson's motion. *See Hartsel*, 87 F.3d at 799. Notwithstanding Bishop's failure to reply, this Court believes that the facts in the complaint do not present an issue of material fact upon which a reasonable jury could find for him.

In reviewing a claim for use of excessive force in violation of the Fourth Amendment, the Court applies the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. The Court should carefully balance the suspect's Fourth Amendment rights against the "governmental interests at stake." *Id.* The Court considers "the perspective of a reasonable officer on the scene" in order to determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 396-97.

Johnson has provided three sworn statements with this motion from individuals who were involved in or who witnessed the arrest, each reciting identical narratives. The affiants all agree that (1) Bishop was handcuffed using standard police procedure, (2) at no time did Johnson apply force to Bishop while he was lying on the ground, and (3) Bishop never complained that he was being injured or was in any pain as a result of Johnson's actions during his arrest. DN

26-2 at 3-4; DN 26-3 at 2-3; DN 26-4 at 2-3.  In comparing this evidence with the bald assertions of Bishop, the Court believes that Johnson's actions on January 18, 2010, were objectively reasonable under the circumstances.  Moreover, this circuit has approved of granting summary judgment where a non-moving party fails to offer affidavits supporting its position.  *See e.g.*, *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  Given the record before the Court, Johnson's supportive affidavits, and Bishop's silence in the face of this evidence, the Court finds that this matter wants for an issue of material fact, and thus summary judgment is appropriate.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, Defendant's Motion for Summary Judgment (DN 26) is GRANTED.  An appropriate order shall issue.